NEW YORK COUNTY.— HON. D. G. ROLLINS, SURROGATE.—February, 1885.

KOCH *v.* WOEHR.

*In the matter of the estate of* GEORGE KOCH, *deceased.*

The direction—which, it is provided by Code Civ. Pro., § 2748, must be inserted in a decree for the distribution of a decedent's assets—to the executor or administrator to pay to the county treasurer a legacy or

share which is not paid *to the person entitled* thereto, within a time specified, is generally of no practical importance, and may in most cases with propriety be omitted.

Testator, by his will, gave the residue to "my (his) brothers and sisters now living, and the descendants of any deceased brothers and sisters." Upon the judicial settlement of the executor's account, it appeared that decedent once had a sister, A., of whom nothing further was known.—

*Held*, that the share of A., if living, or of her descendants, if any, could not properly be left in the executor's hands, subject to a direction, in the decree, to pay the same to the county treasurer, at the expiration of two years, in the contingency specified in Code Civ. Pro., § 2748, but that a reference must be had to determine who was *the person entitled* thereto.

SETTLEMENT of decree upon judicial settlement of account of Frederick Woehr, as executor of decedent's will. Christian Koch and others of decedent's next of kin appeared in the proceedings.

KURZMAN & YEAMAN, *for executor.*

VON BRANDENSTEIN & BRUNO, *for Christian Koch.*

THE SURROGATE.—It is provided, by § 2748 of the Code of Civil Procedure, that a decree for distribution of the assets of a decedent's estate shall " direct the executor or administrator to pay to the county treasurer a legacy or distributive share, which is not paid to the person entitled thereto at the expiration of two years from the time when the decree is made, or when the legacy or distributive share is payable by the terms of the decree."

Though the direction for inserting this provision in decrees of distribution is, in terms, one of universal application, such insertion is generally of no practical importance, and, in most cases, may with propriety be omitted. Where, however, there are good grounds

for doubting whether a person to whom a legacy or distributive share is ordered to be paid, will, within two years thereafter, be within the reach of the executor or administrator, so as to receive payment of his share in the funds of the estate, the procedure established by § 2748 may wisely be adopted. The executor of this decedent suggests its adoption, in the decree about to be entered in the case at bar. These are the facts:

The fourth clause in decedent's will is in words following: "I give all the rest, residue and remainder of my estate unto my brothers and sisters now living, and the descendants of any deceased brothers or sisters." Now, the decedent once had a sister named Anna K. Koch. Whether she is now living or dead, and whether she was alive when the testator died, or had pre-deceased him without leaving descendants her surviving, are questions whose answers are admittedly involved in doubt. It is manifestly improper, therefore, to enter such a decree as the executor proposes—viz.: a decree *directing payment to Anna K. Koch herself* of the one eleventh share to which decedent's brothers and sisters are respectively entitled, and further directing the payment of that sum to the Chamberlain (as the county treasurer of New York county), in the event that, after two years shall have elapsed, *said sum shall not have been already paid to Anna K. Koch.* It is justly claimed by counsel for certain of the legatees that such a provision involves the unwarranted assumption that Anna K. Koch is the "person entitled" to the legacy in question, whereas it may be ascertained, upon

inquiry, that she died childless in the testator's life-time, and that her brothers and sisters who survived the testator, and the descendants of her brothers and sisters who did not, are themselves the "persons entitled" to the share that would, under other circumstances, have been hers.

Before I direct any disposition of that share, therefore, an inquiry must be instituted into the circumstances that are supposed to justify the presumption of Anna K. Koch's death, and the belief that she left no descendants who were living at the death of the testator. A reference will be ordered for taking proof upon these questions.